UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KOREY L. BAKER, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-cv-00358 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| THE HUNTINGTON NATIONAL BANK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ENTRY AND ORDER GRANTING MOTION OF DEFENDANT THE HUNTINGTON NATIONAL BANK TO DISMISS COMPLAINT (DOC. NO. 4) AND FINDING AS MOOT PLAINTIFFS MOTION FOR SUMMARY JUDGMENT AND TO DISMISS THE DEFENDANTS MOTION TO DISMISS THE PLAINTIFFS COMPLAINT (DOC. NO. 5)**

Presently before the Court is the Motion of Defendant The Huntington National Bank to Dismiss Complaint ("Motion") (Doc. No. 4) and Plaintiffs Motion for Summary Judgment and to Dismiss the Defendants Motion to Dismiss the Plaintiffs Complaint ("Summary Judgment") (Doc. No. 5). Defendant The Huntington National Bank ("Defendant") argues that Plaintiff Korey L. Baker's ("Plaintiff") Complaint[1] (Doc. No. 3) fails to state a claim upon which relief can be granted. (Doc. No. 4 at PageID 56.) The Complaint seeks various documents related to the mortgage on Plaintiff's property and requests that Defendant make the documents available under "Habeas Corpus." (Doc. No. 3 at PageID 32.) For the reasons discussed below, the Court **GRANTS** the Motion of Defendant the Huntington National Bank to Dismiss Complaint (Doc. No. 4) and **FINDS AS MOOT** Plaintiffs Motion for Summary Judgment and to Dismiss the

---

[1] Plaintiff's filing in the state court was captioned "Petition for a Verification of Debt." The Court treats this filing as the Complaint.

1

Defendants Motion to Dismiss the Plaintiffs Complaint.

I. **BACKGROUND**

On December 13, 2019, Plaintiff executed a promissory note in which he agreed to pay $63,050, plus interest, to Defendant. (Doc. No. 4-1 at PageID 67.) To secure the note, Plaintiff executed a Short Form Mortgage that identified Mortgage Electronic Registration Systems, Inc. as nominee for the lender, as the mortgagee. (*Id*. at PageID 70.) In initiating this matter, Plaintiff does not seek damages, but asks the Court to order Defendant to prove its ownership of the mortgage and its standing to enforce a promissory note. (Doc. No. 3 at PageID 32-33.) Specifically, the Complaint states the following:

> Plaintiff __Korey L. Baker__ . requests verification of debt from Defendant, The Huntington National Bank__. In order to establish whether Defendant has standing to bring forth remedies entitled to Defendant, Plaintiff requests the Defendant to produce the following as proof of claim within 30 days of this notice under Habeas Corpus.
>
> 1) The **ORIGINAL WET INK SIGNATURE Promissory Note** signed by Defendant in association to the loan pursuant of USC Title 18, Part 1, Chapter 101 ss 2071.
>
> 2) Proof that the Defendant is in fact the Note Holder in Due Course and have standing as a party of interest in this Promissory Note as Plaintiff has reason to believe the Defendant has sold the Note under " mortgage backed securities instrument" to investors under a pooling of interest.
>
> 3) Defendant to stipulate via affidavit that they are on fact a Creditor in this loan/security instrument. A Creditor needs to show true double entry accounting debits of the loss as a result of the issuance of the loan to plaintiff according to Generally Accepted Accounting Principles (GAAP).
>
> If Defendant cannot produce proof of claim, they have no standing in any future controversy.
>
> If Defendant is unable to produce proof of claim, Plaintiff prays the court to order the Defendant to release all claims against Plaintiff and grant rightful remedies due to Plaintiff.

(Doc. No. 3 at PageID 32-33.)

Prior to the initiation of this matter, Defendant, in response to a letter from Plaintiff,

provided Plaintiff with a number of documents related to his loan. (Doc. No. 4 at PageID 57-58.) This included the promissory note and the short form mortgage. (Doc. No. 4-1.)

This matter was initiated by Plaintiff in Montgomery County Common Pleas Court on October 31, 2023 (Doc. No. 1-1 at PageID 5) and was removed to this Court by Defendant on November 29, 2023 (Doc. No. 1). Defendant filed its Motion on December 6, 2023 (Doc. No. 4) and Defendant his Summary Judgment on December 12, 2023 (Doc. No. 5). Defendant filed a combined reply in support of its Motion and an opposition to Plaintiff's Summary Judgment on December 22, 2023 (Doc, No. 6). Plaintiff did not file a reply in support of his Summary Judgment. This matter is ripe for review and decision.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this rule "does not require 'detailed factual allegations' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6) (providing for motions to assert a "failure to state a claim upon which relief can be granted"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that

3

are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*. at 555-56. "In evaluating a motion to dismiss [a court] may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (internal quotation marks omitted).

Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III.  ANALYSIS

Defendant argues that Plaintiff's Complaint fails for three reasons. First, there is no private right of action under 18 U.S.C. § 2071, which Plaintiff cited in his Complaint. (Doc. No. 4 at PageID 60.) Second, it contends the promissory note is a negotiable instrument under Ohio law, which Defendant is not required to sign. (*Id*.) Third, Defendant argues Plaintiff's allegation that Defendant must show "double entry accounting debits… according to Generally Accepted Accounting Principles (GAAP)," is too vague to state a claim for relief. (*Id*. at PageID 61.)

4

Plaintiff's Summary Judgment,[2] in turn, was an extended narrative that wound its way through various sections of the federal code, none of which addressed the arguments made by Defendant's in their Motion. (*See* Doc. No. 5.)

The only statute cited in Plaintiff's Complaint is 18 U.S.C. § 2071, which "is a criminal statute relating to the destruction of federal government documents." *Brown v. Exeter Fin. LLC*, No. 3:21-cv-169, 2021 U.S. Dist. LEXIS 183369, at *6-7, 2021 WL 4342336, at *3 (N.D. Tex. Aug. 27, 2021), *adopted by Brown v. Exeter Fin. LLC*, No. 3:21-cv-169, 2021 U.S. Dist. LEXIS 181666, 2021 WL 4319666 (N.D. Tex. Sept. 23, 2021). However, this particular provision of the United States Code does not provide a civil cause of action. *Id.* (collecting cases). Accordingly, Plaintiff cannot state a claim for relief under 18 U.S.C. § 2071.

Plaintiff's Complaint next demands that Defendant show it is the "holder in due course." Plaintiff alleges the promissory note was sold "under 'mortgage backed securities instrument' to investors under a pooling of interest." (Doc. No. 3 at PageID 32.) Under Ohio law, it is not required to sign the promissory note. Ohio Rev. Code 1303.08. Thus, requesting a "wet signature" from Defendant in Ohio does not demonstrate any violation of the law as far as it pertains to the promissory note's compliance with the Uniform Commercial Code as adopted by Ohio. Moreover, "securitization alone does not render a note or deed of trust unenforceable and does not alter a borrower's obligation to pay back his loan." *Dauenhauer v. Bank of N.Y. Mellon*, 562 F. App'x 473, 480 (6th Cir. 2014) (quoting *Searcy v. EMC Mortg. Corp.*, No. 1:10-CV-0965, 2010 U.S. Dist. LEXIS 119975, at *2 (N.D. Ga. Sept. 30, 2010)). Thus, without more, the Plaintiff has failed to allege sufficient information to plausibly state a claim upon which relief may be granted.

Plaintiff also alleges that Defendant should be made to "show true double entry accounting

---

[2] While a superfluous point given the fact the Court is dismissing the Complaint for failure to state a claim, Plaintiff's Summary Judgment failed to attach a single piece of evidence in support of his contentions.

debits of the loss as a result of the issuance of the loan to plaintiff according to Generally Accepted Accounting Principles (GAAP)." (Doc. No. 3 at PageID 32.) Defendant argues that this allegation is too vague to state a claim upon which relief may be granted. (Doc. No. 4 at PageID 61.) Plaintiff's Complaint as to this specific point, and in general, is simply to vague and sets forth too little in the way of specific facts that would plausibly entitle Plaintiff to relief. *See Laws v. Michigan*, No. 1:23-cv-102, 2023 U.S. Dist. LEXIS 29346, at *2-3, 2023 WL 2143223, at *1 (W.D. Mich. Jan. 31, 2023); *see also Iqbal*, 556 U.S. at 677-78 (If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief").

A final point the Court must address is Plaintiff's reference to "Habeas Corpus." (Doc. No. 3 at PageID 32.) As the Supreme Court has repeatedly said, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 79, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (similar); *Munaf v. Geren*, 553 U.S. 674, 693, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008) (similar); *Dept. of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1969 (2020) (similar). There is no allegation that Plaintiff is in custody or seeks to challenge illegal custody. Nor has Plaintiff explained, in any manner, how habeas may apply to this matter. Thus, Plaintiff has failed to state a claim in virtually any respect.

IV. **CONCLUSION**

For the reasons stated above, the Court **GRANTS** the Motion of Defendant The Huntington National Bank to Dismiss Complaint (Doc. No. 4). As the Court is dismissing this matter for failing to state a claim, the Court **FINDS AS MOOT** Plaintiffs Motion for Summary Judgment and to Dismiss the Defendants Motion to Dismiss the Plaintiffs Complaint (Doc. No. 5).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, January 31, 2024.

                                                      s/Thomas M. Rose
                                         _____
                                                  THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE